Rossy García, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El recurso instado en el caso de epígrafe interesa la revocación de una resolución emitida por el Tribunal de Primera Instancia (Hon. Wilfredo Alicea López), mediante la cual declaró sin lugar una moción de sentencia sumaria presentada por la aquí peticionaria. Resolvemos que el tribunal recurrido dictaminó con corrección y que resulta procedente denegar la expedición del auto solicitado.
I
Se desprende de los autos que el 4 de noviembre de 1993 la peticionaria Aconi Telecommunications, Inc. (en adelante Aconi) presentó demanda contra el Sr. Carlos Maldonado, su esposa y la Sociedad de Bienes Gananciales constituida entre ellos. En la misma, la que fundamentó en un alegado incumplimiento contractual, solicitó como remedio un entredicho provisional e injunction preliminar y permanente contra el recurrido para hacer valer unas cláusulas contractuales de no competencia. También solicitó indemnización por los daños resultantes del alegado incumplimiento.
Debidamente emplazados como fueron los aquí recurridos, contestaron la demanda e instaron reconvención. En la misma reclamaron indemnización por su alegado despido implícito o constructivo, ello conforme lo dispuesto en la Ley Núm. 80 de 1976, 29 L.P.R.A. sec. 185(e), *974 reclamando también, como causa de acción independiente, indemnización por los daños y perjuicios resultantes del alegado proceder ilegal de la peticionaria.
Definida como quedó-la- 'contienda legal una vez contestada ^reconvención y luego del trámite correspondiente, el tribunal emitió sentencia parcial concediendo el injunction solicitado por la peticionaria. Le ordenó así al recurrido el cese y desista de "prestar servicios con otras empresas o personas cuyas operaciones, actividades o negocios sean en el mismo ramo (sic) de la parte demandante o que constituyan competencia para ésta". Recurrido como fue este dictamen, el mismo fue revocado por el Tribunal Supremo mediante sentencia de 9 de septiembre de 1994.
Adjudicada como quedó la acción instada por la peticionaria, el tribunal emitió una segunda sentencia parcial decretando la desestimación de la causa de acción instada por los recurridos en reconvención reclamando daños y perjuicios resultantes del alegado despido. Esta sentencia no fue recurrida por lo que advino final. Quedó así como único extremo pendiente de dilucidación la reclamación por despido injustificado instada en reconvención.
Con este trasfóndo la aquí^peticionaria presentó.-una moción.de. sentencia sumaria, la que fue debidamente replicada, interesando la desestimación de tal causa de acción. Considerada como fue dicha moción a la luz de la totalidad de los documentos que obran en autos y el derecho aplicable, el Tribunal emitió el dictamen ahora recurrido declarándola sin lugar.
II
Dirigiendo nuestra atención a los méritos del recurso instado, resulta evidente que el mismo es totalmente inmeritorio. Según se desprende de los autos el recurrido alega que fue objeto de un despido constructivo. En apoyo a su contención ha venido alegando que fue descendido de su puesto en forma injustificada con el único propósito de crear una situación en la que no le quedara otra alternativa que renunciar. En oposición postula la peticionaria que en las distintas ocasiones en que descendió de puesto al querellante, tales determinaciones estaban justificadas por un alegado problema de alcoholismo que venía afectando al recurrido. Esto a su vez fue impugnado por el recurrido, quien alegó en su moción en oposición a la solicitud de sentencia sumaria que la peticionaria nunca le mencionó tal problema como razón para justificar los descensos. Evidente nos resulta que el tribunal de instancia dictaminó con corrección al concluir que existía "una controversia de hechos en cuanto a los motivos por lo que se le descendió del puesto", indicando que "[l]a única forma de disipar esta duda es mediante la presentación de prueba, lo cual no puede hacerse mediante sentencia sumaria". Basta con señalar que un tribunal no debe disponer de un caso mediante sentencia sumaria cuando existe una controversia genuina en cuanto a un hecho material. Así, la labor judicial ante una moción para que se dicte sentencia sumaria se circunscribe inicialmente a determinar si existe o no una controversia genuina sobre los hechos pertinentes. Sólo en ausencia de tal controversia y por no resultar necesaria la celebración de un juicio en su fondo, es que resulta procedente emitir la sentencia que corresponda conforme al derecho aplicable. Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714 (1986). De haber cualquier duda, la moción debe resolverse en contra de la parte que solicita la sentencia sumaria. PFZ Properties v. General Accident Insurance Co., 138 D.P.R. _ (1994), 94 J.T.S. 116, pág. 125; Caquías Mendoza v. Asoc. de Residentes de Mansiones de Río Piedras, 135 D.P.R._(1993), 93 J.T.S. 127, pág. 11079. Resolvemos en consecuencia, en ausencia de fundamento meritorio que justifique nuestra intervención, que resulta procedente denegar la expedición del auto solicitado.
III
Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado. Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General